# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| PROPHET HAKIYM JOAQUIN FOY AL-MAHDI, | Case No. 18-CV-1332 (DWF/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| DAVID PAUL, Warden/et al.; MR. COOPER, Acting Warden – Associate Warden; and MR. CLORE, Food Administrator, et al., in their own official and individual capacities as penal authorities on this prison compound, | |
| Defendants. | |

Officials at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester") recently made changes to the items made available to inmates at commissary and in the mess hall; gone are the salt shakers, iodized salt packets, Tang, and certain fruit juices. Plaintiff Prophet Hakiym Joaquin Foy Al-Mahdi, a civil detainee committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246 and detained at FMC-Rochester, challenges the changes on the grounds that they violate his constitutional and religious rights.[1]

---

[1] Foy is a frequent filer in this District and was previously barred "from commencing further actions in this District relating to his civil commitment unless he is represented by counsel or obtains prior written authorization from a United States Magistrate Judge." *Foy v. Bilderbergers*, No. 16-0454 (JNE/LIB), at *2 (D. Minn. May 6, 2016). Foy evaded that proscription in this case by filing this action in the United States District Court for the District of Columbia, which transferred the matter here. *See* ECF No. 3.

1

Foy did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. This Court is satisfied that Foy qualifies financially to proceed IFP. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As mentioned above, Foy objects to the removal of salt and juices from FMC-Rochester on the grounds that the nutrients contained in those items are necessary for a

balanced diet and therefore essential to the health of inmates.  Foy also contends that the removal of salt impairs his ability to freely practice his religion.  Neither claim is adequately pleaded.

"Civilly-committed individuals have a constitutional right to nutritionally adequate food."  *Ingrassia v. Schafer*, 825 F.3d 891, 897 (8th Cir. 2016).  "A plaintiff may demonstrate violation of his constitutional rights by evidence 'that the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food.'"  *Id*. (quoting *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992)).  Foy plausibly alleges that sodium intake is necessary for maintaining health.  He does not allege, however, that the diet offered at FMC-Rochester is deficient in sodium following the removal of salt shakers and packets.  Thus, there is no basis to conclude that the removal of salt poses a danger to Foy's health.  Similarly, although Tang and the fruit juices removed from the commissary list contain nutrients that contribute to a healthful diet, Foy does not allege that the menu made available to detainees is deficient in those nutrients absent the removed items.  Accordingly, even taking Foy's allegations as true, he cannot establish a constitutional violation.

Foy also alleges that his religious beliefs "require salt in my daily meals" and that removal of the salt shakers and packets therefore impedes his ability to practice his religion.  Compl. at 13 [ECF No. 1].  But Foy does not allege that *all* salt has been

3

removed from the food at FMC-Rochester.[2]  Only the *extra* salt previously provided to detainees has been removed.  Foy does not allege that the addition of loose salt to his meals is necessary to the practice of his religion, and thus the removal of that loose salt cannot impede Foy's religious practices.

There is no basis in the complaint from which a factfinder could conclude that FMC-Rochester officials have violated Foy's rights.  Accordingly, it is recommended that Foy's IFP application be denied and that this case be dismissed without prejudice.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.      This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.      The application to proceed *in forma pauperis* of plaintiff Prophet Hakiym Joaquin Foy Al-Mahdi [ECF No. 2] be DENIED.

Dated: September 25, 2018          *s/ David T. Schultz*
                                   David T. Schultz
                                   United States Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

---

[2] Indeed, an exhibit Foy attaches to his complaint suggests that, if anything, the menus at FMC-Rochester (including the "Heart-Healthy" menu) contain somewhat too much salt. *See* Compl. at 19.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).